## Fullerton et ux. v. Fullerton et al.

*Brooks, Curtze & Gent*, for petitioners.

*Charles A. Mertens*, p. p., master in partition.

EVANS, P. J., December 21, 1953.—We have before us for consideration the first and final account of Charles A. Mertens, master in partition, showing receipts and disbursements together with a proposed schedule of distribution in the above entitled matter.

Ray B. Fullerton and Florence W. Fullerton, his wife, seek an order reducing the distributive shares of various legatees and heirs in an amount necessary

to defray the funeral expenses of Ernest A. Fullerton who, prior to his death, was owner of a life estate, and partial owner of the fee in real estate sold by the master in partition.

It is admitted that the funeral director did not enter suit on his claim within a year following the death of Ernest A. Fullerton, and for that reason there was no lien on his interest in the realty at the time of the master's deed. Contention is made, however, that this claim is allowable out of the proceeds of Ernest A. Fullerton's interest nevertheless. With this, we do not agree. At the death of Ernest A. Fullerton, his interest vested in his heirs subject only to any debts which might be secured by the entry of suit for the same within one year.

As stated above, no suit was entered so these partition proceedings did not involve an interest of Ernest A. Fullerton, but the interest of his heirs, now free of any obligations which might have been due from Ernest A. Fullerton. We are of the opinion that there is a moral obligation but it is not one enforcible at law.

Also before us are additional bills for advertising, sending of notices,. service of papers and additional bond charge. These are proper charges and will be allowed.

### Order

And now, December 21, 1953, the petition of Ray B. Fullerton, filed June 10, 1953, seeking an order for payment of funeral bill of Ernest A. Fullerton out of proceeds for distribution by the master, is refused. The petitions for allowance of payment for further legal expenses required by law are allowable as follows: Charles A. Mertens, $24.60; Ray B. Fullerton, $77.00. The master is directed to restate his account in accordance with this opinion.